UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDUARDO VALENCIA and
ALEJANDRO RAMIREZ, *on behalf of
themselves and all others similarly
situated*,

                                    Plaintiffs,                      Case No. 7:17-cv-00682-VB

v.

IDEAL SNACKS CORPORATION,

                                    Defendant.

**JOINT MOTION FOR ORDER (1) PRELIMINARILY APPROVING SETTLEMENT
AGREEMENT; (2) APPROVING FORM AND MANNER OF NOTICE TO THE
SETTLEMENT CLASS; (3) SCHEDULING A FINAL FAIRNESS HEARING FOR THE
FINAL CONSIDERATION AND APPROVAL OF THE SETTLEMENT AND (4)
<u>FINALLY APPROVING THE SETTLEMENT</u>**

    Plaintiffs Eduardo Valencia and Alejandro Ramirez ("Plaintiffs") and Defendant Ideal

Snacks Corporation ("Defendant"), sometimes collectively referred to herein as the "Parties," by

and through their respective counsel of record, submit this Joint Motion for an Order (1)

Preliminarily Approving the Settlement Agreement between Plaintiffs and behalf of themselves

and the Settlement Class, as defined in the Settlement Agreement, and the Defendant; (2)

Approving the Form and Manner of Notice to  Settlement Class; (3)  Scheduling a Final Fairness

Hearing for the final consideration and approval of the Settlement Agreement; and (4) Finally

Approving the Settlement Agreement (the "Joint Motion").   In support of their Joint Motion, the

Parties respectfully submit the following:

## Jurisdiction

1.      This Court has jurisdiction over this Joint Motion under 28 U.S.C. § 1331 and 29 U.S.C § 2104 (a)(5).  Venue of this proceeding and this Joint Motion is proper in this district pursuant to 29 U.S.C. § 2104(a)(5).

## Background

2.      On or about January 30, 2017, the Plaintiffs filed a complaint, asserting a claim under the Worker Adjustment and Retraining Notification Act (the "WARN Act") for sixty days' wages and benefits (the "WARN Act Litigation").

3.      Plaintiffs allege that they and approximately 200 other similarly situated employees were terminated, without cause on their part, as a result of a mass layoff ordered by Ideal Snacks Corporation ("Defendant" or "Ideal Snacks") in or about April 2015 and thereafter at Defendant's facility located at 89 Mill Street, Liberty, New York 12754.  Plaintiffs, on behalf of themselves and all those similarly situated,  allege that Defendant failed to provide at least 60 days advance written notice of their terminations, as required by the WARN Act.  Plaintiffs contend that Defendant's failure to give the required notice renders it liable to each affected employee for 60 days' pay and benefits.

4.      Defendant answered the complaint on March 31, 2017 and denies that it ordered a "mass layoff" as defined by the WARN Act at its facility and further denies that Plaintiffs and approximately 200 other employees were entitled to receive 60 days advance written notice under the WARN Act. Defendant contends that Plaintiffs and approximately 200 other employees who worked at or reported to the facility were either terminated for cause or voluntarily departed in or around May 2015. Defendant contends that, pursuant to and in compliance with a direct order from U.S. Immigration and Customs Enforcement, each Plaintiff and putative Class Member was notified in or around May 2015 that he or she had to provide work authorization documentation to Defendant in order to continue being employed. Defendant contends that Plaintiffs and the putative Class Members were either discharged for cause after

showing up to work and failing to provide the proper documentation, or voluntarily departed from Defendant after receiving the request for proper work authorization documentation.

5.    The Court held an Initial Pretrial Conference with the parties on May 22, 2017 and entered a Scheduling Order the same day.

6.    Thereafter, the Parties exchanged Initial Disclosures and written discovery requests.  On June 16, 2017, the parties requested a stay of discovery and a 90-day extension of existing deadlines to enable the parties to discuss a potential resolution of this matter.  The Court granted the parties' request and issued a revised Scheduling Order.

7.    The Parties mediated the WARN Act claims on August 24, 2017, wherein they signed a Memorandum of Understanding to settle this matter and to enter into a formal settlement agreement.  Following the mediation, the Parties agreed upon the terms contained in the Settlement Agreement, a copy of which is attached hereto as Exhibit 1, which includes certification of a proposed Settlement Class.

## Class Certification

8.    Class certification pursuant to Fed. R. Civ. P. 23 requires that each of the four prerequisites for certification, namely Fed. R. Civ. P. 23 (a)(1), (2), (3) and (4) be met and, in addition, that at least one of the conditions set forth in subparts of Fed. R. Civ. P 23(b), namely 23(b)(1)(A), 23(b)(1)(B)(2) or 23(b)(3), be satisfied.  Here, the proposed class, for settlement purposes only, consists of approximately 240 former employees of Defendant whose employment with Defendant terminated April 23, 2015 through and including May 11, 2015, whose names appeared on the Notice of Suspect Documents issued by U.S. Immigration and Customs Enforcement to Defendant on April 23, 2017 (the "Settlement Class").  Plaintiffs contend, and Defendant does not dispute for the purposes of settlement only,[1] that all the prerequisites for certification of the proposed Settlement Class are present, as set forth below.

(a)    **Numerosity**:  For purposes of this Settlement, the Plaintiff contends that the numerosity factor of Fed. R. Civ. P. 23(a)(1) is met because the proposed Settlement Class numbers over 200 former employees, clearly making joinder impracticable.

(b)    **Commonality:**  The commonality factor of Fed. R. Civ. P. 23(a)(2) is met because there are numerous questions of law or fact common to every member of the proposed Settlement Class, namely, 1) whether the class members suffered an "employment loss" as defined in the WARN Act; 2) if so, whether Defendant was excused from the 60-day notice requirement under the WARN Act; and (3) whether the Defendant was obligated to pay the class members sixty days' pay and benefits.  In short, Plaintiff contends that the Settlement Class Members' claims raise nearly identical

---

[1] Defendant does not concede that certification is appropriate outside of this settlement and preserves all rights to oppose certification if, for any reason, the settlement does not become effective.  Plaintiffs' contention throughout this brief that the action is appropriate for settlement is subject to Defendant's position that certification is appropriate for settlement purposes only.

issues regarding the circumstances surrounding their layoffs and, thus, the alleged violations of the WARN Act.

(c) **Typicality**:  The typicality factor of Fed. R. Civ. P. 23(a)(3) is met here as "the claims . . . of [Plaintiffs who are] the representative parties [are] typical of the claims . . . of the class."  Plaintiffs contend that they have the same claim based on the same facts as the other proposed Settlement Class Members.

(d) **Adequacy of Class Representative:**  The adequacy factor of Fed. R.Civ.P. 23(a)(4) is also met.  Plaintiffs, who are the proposed class representatives, contend that they have - and will continue to - diligently prosecute this action, have no conflict of interest with the other proposed Settlement Class Members, and have - and will continue to -diligently prosecute, represent and protect the interests of the proposed Settlement Class.  In addition, the Plaintiffs have engaged counsel, including, Lankenau & Miller LLP and The Gardner Firm, PC, which have, between them, have been appointed as class counsel in excess of one hundred (100) WARN Act actions.

9.    Plaintiffs contend, and Defendant does not dispute for the purposes of settlement only, that the proposed Settlement Class also meets the requirements of Fed.R.Civ.P.23(b)(2). Plaintiffs contend that the common questions of law and fact that affect all members of the proposed Settlement Class predominate over any questions affecting only individual members. Plaintiffs contend that a class action is superior to other available methods for the fair and efficient adjudication of the controversy for the following reasons:

(a)    No proposed Settlement Class member has an interest in individually controlling the prosecution of a separate action under the WARN Act.

(b)    No other litigation concerning the WARN Act rights of any proposed Settlement Class member is currently pending to the Parties' knowledge.

(c)    Concentrating all potential litigation concerning the WARN Act rights of the proposed Settlement Class Members in this Court will avoid a multiplicity of suits, will conserve judicial resources and the resources of the Parties, and is the most efficient means of resolving the WARN Act rights of all proposed Settlement Class Members.

(d)    Administration of this action as a class action will not be complicated or difficult because the names and addresses of the proposed Settlement Class Members and their addresses have been established from Defendant's records unless otherwise instructed by the proposed Settlement Class member or as updated through the efforts of Class Counsel or the Settlement Administrator.

10.    For the foregoing reasons, the Parties seek a Court order certifying this case as a class action for settlement purposes only as to the WARN Act claims of the proposed Settlement Class Members, and appointing Lankenau & Miller, LLP, The Gardner Firm, P.C. and LatinoJustice PRLDEF as class counsel and appointing Eduardo Valencia and Alejandro Ramirez, as the Class Representatives.

## The Settlement

11.    The Named Plaintiffs and the Defendant ask the Court to approve the Settlement Agreement, for the following reasons:

(a)    The Settlement Agreement reflects the result of arms' length, good faith negotiations spanning many months and culminating in a formal mediation.

(b)    The Settlement Agreement reflects the recognition by the Parties that there are significant, complex issues regarding the application of the WARN Act, and the various cases and regulations interpreting the Act to the facts

6

of the case.  In this regard, the Plaintiffs and the Defendant disagree as to whether the Defendant had any obligation or liability under the WARN Act with respect to the proposed Settlement Class Members' claims.  If the Named Plaintiffs were successful in the litigation, however, they could have a claim against the Defendant for more than $700,000.

(c)     To avoid extensive, costly litigation over these issues, the Plaintiffs and the Defendant, through their respective counsel, engaged in significant negotiations regarding a possible consensual resolution of this litigation.

(d)     As a result of the Parties' negotiations, and as fully set forth in the Settlement Agreement, the Plaintiffs and the Defendant wish to fully and finally compromise, settle and resolve any and all demands, claims, damages and causes of action, present or future, relating to the WARN Act, of the Plaintiffs and the other proposed Settlement Class Members on the terms and conditions of the Settlement Agreement.

(e)     The Parties agree to the certification of the proposed Settlement Class consisting of approximately 240 former employees whose employment with Defendant was terminated April 23, 2015 through May 11, 2015 inclusive, whose names appeared on the Notice of Suspect Documents issued by U.S. Immigration and Customs Enforcement to Defendant on April 23, 2015 (the "Settlement Class").

(f)     The named Plaintiffs shall be named as Class Representatives and Lankenau & Miller, LLP, The Gardner Firm, P.C. and LatinoJustice PRLDEF are appointed Class Counsel.

(g)     Pursuant to the terms of the Settlement Agreement, the total Settlement Amount is equal to $200,000 unless reduced by any Opt-out's share of the Remainder (as defined in the Settlement Agreement).

(h)     This Settlement Agreement shall become effective upon the date that the time for taking an appeal of the Final Settlement Order has expired or, in the event an appeal has been taken, the day the Final Settlement Order is affirmed with no further right of appeal (the "Effective Date").

(i)     The Settlement Amount shall be paid by Defendant by wire transfer to the Qualified Settlement Fund (as defined in the Settlement Agreement) within five business days of the Effective Date.

(j)     Class Counsel shall retain a third party settlement administrator, American Legal Claims Services, LLC, (the "Settlement Administrator") to distribute the Settlement Amount through a Qualified Settlement Fund, once received, as set forth in the Settlement Agreement.  The Settlement Administrator shall establish a Qualified Settlement Fund and manage all applicable withholdings and tax reporting.

(k)     The Settlement Administrator will distribute the Settlement Amount, once received, as set forth herein and further manage all applicable withholdings and reporting in accordance with applicable law. The Settlement Administrator shall be responsible for issuing payment to Class Counsel and to Settlement Class Members who do not Opt-out, in accordance with the process set forth in the Settlement Agreement.  Settlement Checks paid to Settlement Class Members will be

allocated as W-2 wage payments. Class Counsel will request that each Settlement Class Member properly complete an IRS W-9 Form and will include an IRS W-9 Form with the Class Notice to be distributed to each Settlement Class Member.  Class Counsel will make three attempts to secure a properly completed IRS Form W-9 from each Settlement Class Member between, and inclusive of, the date of the initial notice mailing and the Final Fairness Hearing.  Class Counsel will provide the Settlement Administrator, upon request, with the service lists and dates of mailing of the IRS Form W-9s to the Settlement Class Members. To the extent that an IRS Form W-9 is properly completed and received from the Settlement Class Member, withholding on his or her allocated distribution will be attributed to the social security number provided on the IRS Form W-9.  If after three attempts by Class Counsel to secure a completed IRS Form W-9 Form from a Settlement Class Member, an IRS Form W-9 is not completed and returned by a Settlement Class Member to Class Counsel so that it is received by the date of entry of the Final Settlement Order, withholding on his or her allocated distribution will be attributed to the last known social security number used by the Settlement Class Member when employed by Ideal Snacks. Ideal Snacks shall provide an affidavit to the Settlement Administrator, within five business days of entry of the Final Settlement Order, reflecting that the Defendant has or had completed Form I-9s on file for each class member and that the Form I-9 reflects/reflected the last known social security number used by the

Settlement Class Member when employed by Ideal Snacks. All payments to Class Members shall be net of all applicable federal, state and local income, employment and payroll withholdings taxes associated with W-2 wage payments to Class Members ("Withholdings"), and all applicable employer portions of employment and payroll taxes associated with W-2 wage payments to Class Members ("Employer Portions") shall be paid out of the Settlement Amount.  For purposes of this paragraph, such Withholdings and Employer Portions shall be calculated at the maximum rates in effect on the distribution date for an employee who lives at the location of the plant.  Class Members are personally responsible for payment of all taxes and any tax liability resulting from the amount of any Settlement checks.

(l)    The fees and costs of the Settlement Administrator shall be paid from the Settlement Amount as part of Class Counsel's Expenses (as defined in the Settlement Agreement).

(m)    Once the Settlement Amount has been received by the Settlement Administrator, such amount shall be distributed by the Settlement Administrator in one or more distributions, at the request of Class Counsel, as follows: (a) a one-time payment of $3,000 to Eduardo Valencia and $3,000 to Alejandro Ramirez for their services rendered in this action (the "Service Payments") and a one-time payment of $500 each to three Settlement Class Members whose names and contact information shall only be confidentially disclosed to the Court and to the Settlement

Administrator (the "Non-Class Representatives") for the services they

rendered in this action (the "Non-Class Representatives' Service

Payments"); (b) the balance, minus one third attorneys' fees, plus

expenses of litigation, shall be the "Remainder" which shall be divided

equally among the Settlement Class Members who do not opt-out. The

gross share of the Remainder attributable to each Settlement Class

Member who does not opt-out, shall be known as the "Pre-tax Amounts."

## The Contents of the Class Notice

12.     The Parties submit that the proposed Class Notice (which shall be printed in

English and Spanish), a copy of which is attached to the Settlement Agreement as Exhibit C,

meets the requirements of Fed. R. Civ.P. 23(c)(2)(B). That rule, in pertinent part, provides as

follows:

> "The notice must concisely and clearly state in plain, easily understood language:
>
> ● the nature of the action,
>
> ● the class claims, issues or defenses,
>
> ● that a class member may enter an appearance through counsel if the member so desires, and
>
> ● the binding effect of a class judgment on class members under Rule 23(c)(3)."

13.     The proposed Class Notice satisfies each of the foregoing requirements. The

Notice states the nature of the action, the Class claims, and the issues and defenses. The Notice

also states that a proposed Settlement Class Member may enter an appearance through counsel,

and that the Settlement Agreement, when approved, will be binding on all proposed Settlement

Class Members. The Notice also sets forth the terms of the proposed Settlement Agreement and

the right of each proposed Settlement Class Member to opt-out or object to the proposed

Settlement.  <u>See</u> Rule 23(e)(4)(A).  The Notice summarizes the nature of the pending WARN

Act litigation and the Settlement Agreement's essential terms and provides proposed Settlement

Class Members with their individualized, projected Pre-Tax Amounts, assuming participation by

all Settlement Class members. The Notice also apprises the proposed Settlement Class, among

other things, that complete information regarding the Settlement Agreement is available upon

request from Class Counsel that any proposed Settlement Class Member may appear and be

heard at the hearing on approval of the Settlement Agreement. In addition, the notice informs the

proposed Settlement Class Members of the request for the approval of attorneys' fees to Class

Counsel.  See Fed.R.Civ.P. 23(h).

### <u>The Manner of Notice</u>

14.     As to the manner of giving notice, Fed. R. Civ.P. 23(c)(2)B) provides, in pertinent

part, as follows:

> "For any class certified under Rule 23(b)(3) the Court must direct to class
>
> members the best notice practicable under the circumstances including individual
>
> notice to all members who can be identified through reasonable effort."

15.     An individual mailing to each class members' last known address has been held to

satisfy the "best notice practicable" test.  *Eisen v. Carlisle & Jacquelin et al.*, 417 U.S. 156

(1974) (individual mailings satisfy Rule 23 (c)(2));

16.     The Settlement provides that Class Counsel will mail the notice by first class

mail, postage prepaid, to the last known address of each of the proposed Settlement Class

Members, as reflected in the Defendant's records or as updated by the proposed Settlement Class

Members or as updated through the efforts of Class Counsel or the Settlement Administrator.

The mailing and the fairness hearing will be timed so that the Class Members will have not less

than 60 days from the date of the mailing to ensure that Class Counsel has received their  opt-out

or objection to the Settlement Agreement.  The Parties submit that giving notice in this manner satisfies the "best notice practicable" test.  In the case of any returned envelopes, Class Counsel will forward to such corrected addresses as Class Counsel may be able to obtain from a national database to which Class Counsel subscribes or as Class Counsel may otherwise obtain.

### The Court Should Preliminarily Approve the Settlement Agreement Pursuant to Fed. R. Civ. P.  23

17.      "'Review of a proposed class action settlement generally involves a two-step process: preliminary approval and a subsequent 'fairness hearing'….If the court preliminarily approves the settlement, it then must direct the preparation of notice informing class members of the certification of the settlement class, the proposed settlement and the date of the final fairness hearing.'"  *Velez v. Majik Cleaning Serv.*, No. 03 Civ. 8698, 2007 U.S. Dist. LEXIS 46223, at *4-5 n.1 (S.D.N.Y. June 22, 2007) (quoting *In re Initial Pub. Offering Sec. Litig.*, No. 01 Civ. 3020, 243 F.R.D. 79, 2007 U.S. Dist. LEXIS 19632, 2007 WL 656880, at *4-5 (S.D.N.Y. Feb. 28, 2007)).  At the subsequent fairness hearing, class members may formally object to the proposed settlement.  *See In re Drexel Burnham Lambert Group*, 130 B.R. 910, 924 (S.D.N.Y. 1991) ("Notice of the Settlement and hearing thereon is required so as to allow the Class members an opportunity to object to the fairness, reasonableness or adequacy of the Settlement.").

18.      "'In considering preliminary approval, courts make a preliminary evaluation of the fairness of the settlement, prior to notice. Where the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class and falls within the range of possible approval, preliminary approval is granted.'"  *In re Stock Exchs. Options Trading Antitrust Litig.*, 99 Civ. 0962 (RCC), MDL No. 1283, Master Docket No. M-21-79 (RCC), 2005 U.S. Dist. LEXIS 13734, at *16-17 (S.D.N.Y. July 8, 2005) (quoting *In re NASDAQ Market-Makers Antitrust Litig.*, 176 F.R.D. 99, 102 (S.D.N.Y. 1997)).

19.     The Settlement Agreement has no obvious deficiencies and falls well within the range of reason.  Further, each of the above-cited factors favors preliminary approval of the Settlement Agreement.

20.     First, the Settlement is the result of good faith, arm's length negotiations between capable adversaries.  The Parties have been in discussions with respect to a potential compromise of the WARN Act litigation for many months and the both Parties are represented by counsel with extensive experience and expertise in employment and class action matters.

21.     Second, the Parties fully explored the strengths and weaknesses of the claims through informal disclosure and a formal mediation before the Honorable Diane Welsh (retired), a former United States Magistrate Judge in the Eastern District of Pennsylvania.

22.     Third, Class Counsel have collectively been appointed as class counsel in over one hundred (100) WARN Act cases.  Class Counsel has the experience and skill to both vigorously litigate WARN Act claims and to determine when and to what extent settlement is appropriate.  They have exercised that judgment in this case with respect to the Settlement Agreement.

23.     Accordingly, the Court should preliminarily approve the Settlement Agreement.

**The Court Should Finally Approve the Settlement As Fair, Reasonable And Adequate To The Settlement Class At The Fairness Hearing Pursuant To Fed. R. Civ. P.  23**

24.     The Court should set a Fairness Hearing that, subject to the Court's calendar, would be held no sooner than 75 days after the mailing of the Class notice. At the Fairness Hearing, the Court should finally approve the Settlement.

25.     This Court has broad discretion in determining whether the proposed settlement should be approved. Settlement of litigation is strongly favored as a matter of public policy.  *See*

*Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 116-17 (2d Cir. 2005) (citing *In re PaineWebber Ltd. P'ships Litig.*, 147 F.3d 132, 138 (2d Cir. 1998)).

26.     Appellate review of a challenge to the District Court approval of a class action settlement is limited. *See Cent. States Southeast & Southwest Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.*, 504 F.3d 229, 246-47 (2d Cir. 2007). "A court may approve a class action settlement if it is fair, adequate, and reasonable, and not a product of collusion." *Wal-Mart Stores, Inc.*, 396 F.3d at 116-17. There is a strong judicial policy in favor of settlement in order to conserve scarce resources that would otherwise be devoted to protracted litigation. *Bennett v. Behring Corp.*, 737 F. 982, 986 (11th Cir. 1984). The trial court is entitled to rely upon the judgment of experienced counsel for the parties. The "opinion of experienced counsel carries great weight in approval of settlements." *Selby v. Principal Mut. Life Ins. Co.*, 98 Civ. 5283 (RLC), 2003 U.S. Dist. LEXIS 21138, at *18 (S.D.N.Y. Nov. 17, 2003) (citing *Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977)). "To evaluate the substantive reasonableness of a settlement, [the Court] appl[ies] the *Grinnell* factors: (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the Defendant to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation." *Mba v. World Airways, Inc.*, 369 Fed. Appx. 194, 197 (2d Cir. 2010) (quoting *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974), abrogated on other grounds by *Goldberger v. Integrated Res.*, Inc., 209 F.3d 43, 47 (2d Cir. 2000)).

27.     As set forth above, the WARN Act litigation would have been complicated, protracted and expensive. The risks of being unable to establish liability and damages were significant because of the numerous defenses asserted by the Defendant. The Settlement is well within the range of reasonableness given the uncertainty of establishing liability and damages.

The proposed Settlement falls within the range of reasonable litigation possibilities as there is a chance that the Defendant (if found to be liable) could be hit with a judgment of more than $700,000 and the proposed Settlement Class, if unsuccessful, could receive nothing if Defendant prevailed on their defenses. Defendant can cap their exposure, in addition to avoiding further litigation and a trial which would involve significant time and expense for both parties. The Class Representatives support the Settlement and Class Counsel believes that the bulk of the other proposed Settlement Class Members will have a favorable reaction to the Settlement and not object to it. The Settlement was reached at a mediation which was conducted in the JAMS New York City office, after the Parties exchanged position statements and other information.

28.     The Settlement Agreement is therefore in the best interest of the parties.

29.     Accordingly, the Parties respectfully request the Court to schedule a hearing for the final consideration and approval of the Settlement Agreement.

WHEREFORE, the Parties respectfully request that the Court enter the proposed Form of Order, attached to the Settlement Agreement as Exhibit A, 1) preliminarily approving the Settlement Agreement between Plaintiffs, on behalf of themselves and a Settlement Class, as defined in the Settlement Agreement, and the Defendant; (2) approving the form and manner of Notice to Class and the right to opt-out or object to the proposed Settlement Agreement; (3) scheduling a Fairness Hearing for the final consideration and approval of the Settlement Agreement and, ultimately, the proposed Form of Final Order, attached to the Settlement Agreement as Exhibit B, finally approving the Settlement Agreement.

Respectfully submitted,

s/ Mary E. Olsen
Lankenau & Miller, LLP
Stuart J. Miller (SJM 4276)
132 Nassau Street, Suite 1100
New York, New York 10038
P: (212) 581-5005
F: (212) 581-2122

The Gardner Firm, P.C.
Mary E. Olsen

M. Vance McCrary
210 S. Washington Ave.
Post Office Drawer 3103
Mobile, Alabama 36652
P: (251) 433-8100
F: (251) 433-8181

Jackson Chin (JC3494)
LATINOJUSTICE PRLDEF
99 Hudson Street, 14th Floor
New York, N.Y. 10013
P: (212)219-3360
F: (212) 431-4276


*Attorneys for Plaintiffs*
*and the Settlement Class*

and

By: s/  Carolina A. Fornos
Carolina A. Fornos
PILLSBURY WINTHROP SHAW PITTMAN LLP
1540 Broadway
New York, NY 10036-4039
Tel.: (212) 858-1000
Fax: (212) 858-1500
carolina.fomos@pillsburylaw.com

Paula M. Weber (*pro hac vice*)
PILLSBURY WINTHROP SHAW PITTMAN LLP
Four Embarcadero Center, 22nd Floor
San Francisco, CA 94111-5998
Tel.: (415) 983-1000
Fax: (415) 983-1200
paula.weber@pillsburylaw.com

*Attorneys for Defendant Ideal Snacks Corp.*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 1st day of December, 2017 I filed the foregoing with the Clerk of the Court, which will send a notice of electronic filing to all counsel of record using the CM/ECF system.

s/Mary E. Olsen_____
Mary E. Olsen