UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2-1-18

EDUARDO VALENCIA and
ALEJANDRO RAMIREZ, *on behalf
of themselves and all others similarly
situated*,

                Plaintiffs,

v.

IDEAL SNACKS CORPORATION,

                Defendant.

Case No. 7:17-cv-00682-VB

**REVISED [PROPOSED] ORDER PURSUANT TO FED. R. CIV. P. RULE 23 (I) PRELIMINARILY APPROVING SETTLEMENT AGREEMENT BETWEEN THE DEFENDANT AND THE SETTLEMENT CLASS, (II) APPROVING THE FORM AND MANNER OF NOTICE TO SETTLEMENT CLASS MEMBERS OF THE SETTLEMENT AGREEMENT, (III) SCHEDULING A FAIRNESS HEARING TO CONSIDER FINAL APPROVAL OF THE SETTLEMENT AGREEMENT, AND (IV) GRANTING RELATED RELIEF**

The Court has considered the joint motion ("Joint Motion") of: Plaintiffs Eduardo Valencia and Alejandro Ramirez ("Plaintiffs") and Defendant Ideal Snacks Corporation ("Defendant"), sometimes collectively referred to herein as the "Parties," by and through their respective counsel of record, for an Order, among other things, (1) Preliminarily Approving the Settlement Agreement between Plaintiffs and the Defendant on behalf of themselves and a Settlement Class as defined below; (2) Approving the Form and Manner of Notice to Settlement Class; (3) Scheduling a Final Fairness Hearing for final consideration and approval of the Settlement Agreement; and (4) Finally Approving the Settlement Agreement (the "Joint Motion").

The Court finds that:

A. The Parties have agreed this action may be maintained as a class action for settlement purposes only, consisting of former employees of Defendant whose employment with Defendant was terminated April 23, 2015 through and including May 11, 2015, and whose names appeared on the Notice of Suspect Documents issued by U.S. Immigration and Customs Enforcement to Defendant on April 23, 2017 (the "Settlement Class.").[1]

B. Based on the range of possible outcomes and the cost, delay, and uncertainty associated with further litigation, the Settlement Agreement is reasonable and cost-effective, and preliminary approval of the Settlement Agreement is warranted.

C. The Settlement Agreement should be preliminarily approved.

D. Notice should be given to the Settlement Class, affording members of the proposed Settlement Class the opportunity to opt-out or object to the proposed Settlement Agreement. Within five (5) business days following entry of this order, Defendant is to provide Class Counsel with the name and last known social security number used by each Settlement Class Member, and reflected on the Form I-9 for each in Defendant's records, when employed by Ideal Snacks.

E. The Class Notice should be provided to all Settlement Class Members by first class mail, postage prepaid, at their last known address as indicated by Defendants (or as updated through efforts of Class Counsel or the Settlement administrator, unless a different address has been provided by the proposed Settlement Class Member). Such

---

[1] All defined terms contained herein shall have the same meanings as set forth in the Settlement Agreement and Release executed by the Parties and filed with this Court (the "Settlement Agreement").

mailing should be made by Class Counsel within five (5) business days following the entry of this Order. Notice in this manner is reasonable and the best notice practicable under the circumstances.

    F.    The proposed class notice of settlement ("Class Notice"), which is attached to the Settlement Agreement as Exhibit C – meets the requirements of Fed. R. Civ. P. 23(c)(2)(B). The Class Notice, which shall be printed in both English and Spanish, sufficiently describes, in clear, concise and easily understood language, the nature of the action and claims, respectively, the class certified, and the issues and defenses. The Class Notice also states that the Settlement Agreement, if approved, will be binding on all Settlement Class Members. The Class Notice also summarizes the terms of the Settlement Agreement, the right of and manner for each Settlement Class Member to opt-out or object to the Settlement Agreement, the right of each Settlement Class Member to appear by counsel at the Fairness Hearing, and the fact that more information is available from Class Counsel upon request. Further, the Notice informs the Settlement Class Members that the Settlement Agreement provides for the release of their claims as identified in the Settlement Agreement, and the payment of Class Counsel's attorneys' fees and costs. *See* Fed. R. Civ. P. 23(h).

    G.    A hearing on the final approval of the settlement proposed in the Settlement Agreement (the "Fairness Hearing") should be held on May 17, 2018 so that Settlement Class Members will have at least sixty days from the mailing of the Notices to secure further information regarding the relief sought by the Joint Motion, to opt-out or object to the Settlement Agreement should they choose to do so, and/or to engage counsel to appear at the Fairness Hearing.

H.  Other good and sufficient cause exists for granting the relief requested in the Joint Motion.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1.  The Joint Motion is GRANTED.

2.  The Settlement Agreement is hereby preliminarily approved.

3.  Plaintiffs Eduardo Valencia and Alejandro Ramirez are appointed as the Settlement Class Representative, and Plaintiffs' Counsel, Lankenau & Miller, LLP, The Gardner Firm, P.C. and LatinoJustice PRLDEF are appointed as Class Counsel.

4.  For Settlement purposes only, the litigation may be maintained on behalf of a Class defined as follows: former employees of Defendant whose employment with Defendant was terminated April 23, 2015 through and including May 11, 2015, and whose names appeared on the Notice of Suspect Documents issued by U.S. Immigration and Customs Enforcement to Defendant on April 23, 2017.

5.  Notice should be given to the Settlement Class, affording members of the proposed Settlement Class the opportunity to opt-out or object to the proposed Settlement Agreement. Within five (5) business days following entry of this order, Defendant is to provide Class Counsel with the name and last known social security number used by each Settlement Class Member, and reflected on the Form I-9 for each in Defendant's records, when employed by Ideal Snacks.

6.  The form of the Class Notice and the service of the Class Notice by Class Counsel by first class mail, postage prepaid, to each Settlement Class Member at his or her last known address as provided by Defendants (or as updated through efforts of Class

4850-2160-5210.v1

Counsel or the Settlement administrator, unless a different address has been provided by the proposed Settlement Class Member) is hereby approved.

7. The Notice shall be mailed by first class mail by Class Counsel to Settlement Class Members within five (5) business days following the entry of this Order.

8. Objections or other responses to the final approval of the Settlement Agreement or to the proposed compensation of Class Counsel are to be filed with the Clerk of the Court and mailed to the entities listed in the Notice, via certified mail, return receipt requested so that they are received by a date certain no later than sixty (60) days after Class Counsel mails the Class Notice to each Settlement Class Member.

8. In the event the Effective Date occurs, all Class Members who do not timely submit an Opt-out form will be deemed to have forever released and discharged the Settlement Class Members' Released Claims as set forth in the Settlement Agreement. In the event the Effective Date does not occur for any reason whatsoever, the Settlement Agreement shall be deemed null and void and shall have no effect whatsoever.

9. The Court shall conduct the Fairness Hearing on May 17, 2018 at 2:15 p.m.

Dated: 2/1, 2018

So Ordered:

_____
UNITED STATES DISTRICT COURT JUDGE

→ Clerk shall terminate the motion (Doc. #42).